IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, NA,

      Plaintiff,                      No. CIV S-11-1424 JAM DAD PS

    vs.

SUSANA M. VELASCO, et al.,        ORDER AND

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        By Notice of Removal filed May 25, 2011, this unlawful detainer action was removed from Sacramento County Superior Court by defendant Susana M. Velasco, who paid the required filing fee. Defendant Velasco is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769,

771 (9th Cir.1986)).  Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In conclusory fashion, defendant alleges as follows in her notice of removal: plaintiff's unlawful detainer action followed an improper and illegal foreclosure sale; a controversy exists as to who holds title to the property at issue; plaintiff has not proved that it acquired title by a duly conducted sale and "cannot do so without confronting Federal Claims raised in [defendant's] affirmative defenses to the unlawful detainer complaint"; plaintiff is subject to and was required to comply with the Truth in Lending Act, Real Estate Settlement Procedures Act, the Federal Trade Commission, and numerous state statutes.  (Notice of Removal (Doc. No. 1) at 2-3.)  Defendant argues that plaintiff's unlawful detainer complaint "necessarily raises issues under TILA, RESPA and Code of Federal Regulations even if not stated explicitly by EVICTING PARTY."  (Id. at 3.)

It is evident from defendant's own allegations that plaintiff's action is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and based wholly on California law.  As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. § 1441(b).  It is evident from defendant's arguments that any federal claims in this action arise solely from defendant's own affirmative defenses and not from the plaintiff's unlawful detainer complaint.

Defendant also contends that her removal of this action is grounded on diversity jurisdiction.  However, removal based on diversity jurisdiction is not permitted if any defendant is a citizen of the state in which the action is brought.  See 28 U.S.C. § 1441(b) (providing that

civil actions not removed on the basis of federal question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Because defendant Velasco is a citizen of the state in which this action was brought, the case may not be removed to federal court on the basis of diversity jurisdiction.

For the reasons set forth above, defendant has failed to meet her burden of establishing a basis for federal jurisdiction. Moreover, the court's records for this case reveal that defendant has failed to file any opposition to plaintiff's pending motion to remand.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to remand (Doc No. 4) is dropped from this court's July 15, 2011 calendar; and

IT IS RECOMMENDED that:

1. This action be summarily remanded to the Superior Court of California, County of Sacramento and this case be closed.

2. Plaintiff's motion to remand (Doc. No. 4) be denied in its entirety as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: July 6, 2011.

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\wellsfargo-velasco1424.f&r.remand.ud